# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORBERT BASENGEZI KATINTIMA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL R. POMPEO, in his official capacity as Secretary of State, U.S. Department of State, and UNITED STATES DEPARTMENT OF STATE,<br><br>Defendants. | Civil Action No. 19-cv-03413 (TSC) |

## MOTION TO TRANSFER CASES FOR CONSOLIDATION AND FOR A STAY PENDING CONSIDERATION OF THE INSTANT MOTION

Defendants hereby move pursuant to Federal Rule of Civil Procedure 42(a) for transfer of three cases for consolidated briefing and joint hearing on dispositive motions. Two other cases are pending in the District Court for the District of Columbia that present materially similar legal questions to the ones here: *Cornielle Yobeluo Nangaa v. Pompeo et al.*, Civ. No. 1:19-cv-3416 (ABJ) (*see Nangaa* Complaint, attached as Exhibit 1) and *Marcellin Mukolo Basengezi v. Pompeo, et al.* 1:19-cv-3417 (TJK) (*see Basengezi* Complaint, attached as Exhibit 2). As explained below, consolidation serves the interests of judicial economy, eliminates the risk of inconsistent judgments, and would not prejudice any party.

Defendants also move for the Court to stay the deadline to respond to Katintima's complaint pending consideration of the instant motion to stay. Absent such a stay before consolidation, Defendants must respond to Katintima's complaint in addition to the other two plaintiffs' complaints

1

by January 13, 2020.[1]  But three separate responses before three separate judges in this district will be redundant and inefficient, as outlined below.  A temporary stay of the deadline pending consolidation will help avoid the potential for duplicative pleadings and provide the parties and the Court the opportunity, if consolidation is granted, to establish an efficient schedule whereby the claims across the three different actions can be adjudicated in a single proceeding.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  "Consolidation of actions under Rule 42(a) is a valuable and important tool of judicial administration."  *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (internal quotation marks and citation omitted).  "It helps to relieve the parties and the court of the burden of duplicative pleadings and court orders."  *Id.* (internal alterations and quotation marks omitted).  "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court."  *Scarborough v. National Ass'n of Sur. Bond Producers* 474 F. Supp. 2d 64, 70 -71 (D.D.C. 2007); *see also Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) ("courts weigh considerations of convenience and economy against considerations of confusion and prejudice" in deciding whether to consolidate actions) (citation omitted); *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (observing that "[c]onsolidation may increase judicial efficiency by reducing presentation of duplicative proof . . . [and] eliminating the need for more than one judge to familiarize themselves with the issues presented").  The three cases that should be consolidated here present

---

[1] Although not yet reflected on the docket of this case, the Office of the U.S. Attorney for the District of the District of Columbia was served on November 14, 2019.

numerous common questions of law, and consolidation will serve the interests of efficiency and economy without prejudicing any party.

1. Plaintiffs in each of the three cases are former officials of the National Independent Electoral Commission in the Democratic Republic of the Congo ("DRC"), who challenge their designations by the Secretary of State pursuant to Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019. Katintima Compl. ¶¶ 1-2, 17; Nangaa Compl. ¶¶ 1-2; Basengezi Compl. ¶¶ 2. Those designations stem from each plaintiffs' significant corruption relating to the DRC's electoral process, Katintima Compl. ¶ 17; Nangaa Compl. ¶ 4; Basengezi Compl. ¶ 4, and allegedly render each and their immediate family ineligible for entry into the United States, Katintima Compl. ¶ 17; Nangaa Compl. ¶ 1; Basengezi Compl. ¶ 5. Against this backdrop, the three plaintiffs sued, raising a number of legal challenges regarding their designations.

Defendants acted lawfully in designating the plaintiffs and deny their assertions to the contrary, but a quick tour through their complaints reveals that they assert a number of effectively identical legal claims. Each alleges that State violated the Administrative Procedure Act ("APA") by not providing procedures to challenge their designations, Katintima Compl. ¶ 46, 47 (Count I); Nangaa Compl. ¶ 43 (Count I); Basengezi Compl. ¶ 46-47 (Count I), or to otherwise seek a waiver under Section 7031(c), Katintima Compl. ¶ 54 (Count II), Nangaa Compl. ¶ 48 (Count II), Basengezi Compl. ¶ 54 (Count II). Each also alleges that State did not publish a notice of their designation in the Federal Register in violation of the APA. Katintima Compl. ¶ 61 (Count III), Nangaa Compl. ¶ 56 (Count III), Basengezi Compl. ¶ 61 (Count III). Further, they assert that they did not receive adequate notice in violation of the APA, Katintima Compl. ¶ 74 (Count VI), Nangaa Compl. ¶ 67 (Count V), Basengezi Compl. ¶ 69 (Count V), and the Fifth Amendment, Katintima Compl. ¶ 68-69 (Count V), Nangaa Compl. ¶ 61-62 (Count IV), Basengezi Compl. ¶ 73-74 (Count VI). And while

3

the factual circumstances underlying each designation may differ, each plaintiff similarly alleges that their designation under Section 7031(c) constituted arbitrary and capricious action under the APA. Katintima Compl. ¶ 64 (Count IV), Nangaa Compl. ¶ 70 (Count VI), Basengezi Compl. ¶ 64 (Count IV).

Given this significant overlap, the parties' arguments are not likely to materially differ from one case to the next, and Defendants anticipate filing significantly similar dispositive motions to resolve these actions. Further, to the extent the Court reaches the merits of these plaintiffs' claims, all three cases should be heard on the administrative record, which will be similar in each case. Because plaintiffs' challenges turn on the same legal issues and similar facts, "consolidation will promote the interests of judicial economy, consistency, timeliness and convenience, without being likely to trigger any substantial risk of inconvenience, prejudice, delay, or expense for the Court or the litigants." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011); *see also id.* at 286 (explaining that "[i]dentity of the parties is not a prerequisite" to consolidation and that "cases may be consolidated" where "plaintiffs are different but are asserting identical questions of law against the same defendant").

2. The differences between the cases do not undermine the strong justifications for consolidation. Indeed, there are relatively few claims that the plaintiffs do not share and such claims are discrete—Katintima asserts a claim under the Freedom of Information Act, *see* Katintima Compl. ¶ 79 (Count VI), and Basengezi alleges a Due Process violation in light of his purported parental rights, Compl. ¶ 75-78 (Count VII). Consolidation remains appropriate regardless of the presence of different claims or different issues of law or fact; it is sufficient if there is any common question of law or fact. *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 287 (explaining that consolidation was appropriate notwithstanding plaintiff's objection that one action was narrower than the other)

(citing *Hanson*, 257 F.R.D. at 21-22); Wright & Miller, 9A Fed. Prac. & Proc. § 2382 (3d ed. 1998)

("[T]he existence of a common question by itself is enough to permit consolidation[.]").

And importantly, consolidation will not prejudice any plaintiff. *Cf. Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286 (court should weigh risk of prejudice posed by consolidation against risk of inconsistent rulings and increased burdens posed by separate proceedings). It will not impede the ability of any plaintiff to pursue any separate claims. *See Hanson*, 257 F.R.D. at 22 ("The parties are fully able to brief—and the court is capable of rendering a well-reasoned judgment on—multiple issues within the context of one unified civil action."); *Mylan Pharmaceuticals Inc. v. Henney,* 94 F. Supp. 2d 36, 43 (D.D.C. 2000), *vacated on other grounds*, 276 F.3d 627 (D.C. Cir. 2002) (consolidation is "permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another") (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).

The procedural posture of the actions confirms the lack of any prejudice. These cases were filed on the same day, and are in the very early stages of litigation. Each plaintiff is represented by the same counsel of record. Defendants have not responded to the complaints, and no plaintiff has filed a single substantive motion.

In sum, these three actions should be consolidated.[2]

---

[2] Local Rule 40.5(d) provides that "[m]otions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned. If the motion is granted, the later-numbered case shall be reassigned in accordance with section (c) of this Rule."

It is not clear whether this Court would consider these three cases "related" under Local Rule 45(a)(3), which defines such cases to include those "involv[ing] common issues of fact, or" that "grow out of the same event or transaction." Nor is it clear whether Local Rule 40.5(d) expressly governs this matter if the Court were to find these action are not related, as it falls under the "Related Cases" subheading of the local rules and includes a rule for assigning related cases.

Regardless, Defendants file this motion in light of Local Rule 40.5(d), as the rationale underlying that rule appears to apply here. Contemporaneously, Defendants in *Cornielle Yobeluo Nangaa v.*

5

3. Additionally, Defendants respectfully submit that this Court should stay the deadline for them to answer or otherwise respond to Katintima's Complaint in this action pending this Court's decision on the request for consolidation. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Feld Entm't, Inc. v. A.S.P.C.A.*, 523 F. Supp. 2d 1, 2 (D.D.C. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Absent such a stay here, Defendants must respond to the Complaint by January 13, 2020. As outlined above, a primary basis for the instant motion is to avoid filing duplicative pleadings in the three actions, and a stay pending a decision on consolidation furthers that basis by excusing Defendants from preparing, and this Court from potentially reviewing, duplicative pleadings. In light of Defendants' anticipated dispositive motion and to help facilitate an efficient schedule to adjudicate all claims at issue, Defendants respectfully suggest that the parties file a joint status report within fourteen days of the order adjudicating the consolidation request, proposing a schedule for further proceedings.

4. Pursuant to Local Rule 7(m), counsel for Defendants consulted with counsel for Plaintiffs in the three actions, who indicated each plaintiff opposes the relief requested herein.

## CONCLUSION

For the reasons set forth above, the Court should stay Defendants' deadline to respond to Katintima's complaint pending a decision on consolidation, and the Court should find that consolidation of this action with *Cornielle Yobeluo Nangaa v. Pompeo et al.*, Civ. No. 1:19-cv-3416 (ABJ) and *Marcellin Mukolo Basengezi v. Pompeo, et al.* 1:19-cv-3417 (TJK), is appropriate.[3]

---

*Pompeo et al.*, Civ. No. 1:19-cv-3416 (ABJ) and *Marcellin Mukolo Basengezi v. Pompeo, et al.* 1:19-cv-3417 (TJK), will notify those judges of this pending motion and seek a stay of the Defendants' deadline to respond to the complaints in those actions pending a decision on consolidation.

[3] For the Court's awareness, Defendants note that these three plaintiffs separately filed actions challenging their designations under an executive order by the Department of the Treasury, Office

Dated December 27, 2019        Respectfully submitted,


JOSEPH H. HUNT
Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

*/s/ Antonia Konkoly*
ANTONIA KONKOLY
NICHOLAS CARTIER
KEVIN SNELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2395
Fax: (202) 616-8460
Email: antonia.konkoly@usdoj.gov

---

of Foreign Assets Control ("OFAC"). *See Norbert Basengezi Katintima v. Gacki, et al.*, Civ. No. 1:19-cv-3412 (CRC); *Marcellin Mukolo Basengezi v. Gacki, et al.* 1:19-cv-3414 (APM); *Cornielle Yobeluo Nangaa v. Gacki et al.*, Civ. No. 1:19-cv-3415 (DLF). But the legal issues in that line of cases is not sufficiently similar to the ones here to warrant consolidation with this action. Rather, the Government is similarly moving to consolidate the three actions challenging the designations by OFAC.

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORNEILLE YOBELUO NANGAA**<br>34 Tshatshi Avenue<br>Kinshasa / Gombe<br>Democratic Republic of the Congo<br><br>*Plaintiff,*<br><br>*v.*<br><br>**MICHAEL R. POMPEO**<br>**in his official capacity as**<br>**Secretary of State**<br>**U.S. Department of State**<br>2201 C Street, NW<br>Washington, D.C. 20520<br><br>*Defendant,*<br><br>and<br><br>**THE UNITED STATES**<br>**DEPARTMENT OF STATE**<br>2201 C Street, NW<br>Washington, D.C. 20520<br><br>*Defendant.* | **CIVIL COMPLAINT**<br><br>**ECF**<br><br>Civil Action No. _____ |

Plaintiff Corneille Yobeluo Nangaa ("Nangaa") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of State and its Secretary, Michael R. Pompeo, and in support of his Complaint alleges the following.

## INTRODUCTION

1.     This case seeks the Court's intervention to enjoin Defendants from their unlawful public designation of Nangaa under Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriation Act of 2019 (Div. F, P.L. 116-6) ("Section

7031(c)"). Nangaa's designation was imposed without apprising him as to the reasons for the designation nor an opportunity to challenge it. In addition to the devastating and irreparable damage to Nangaa's reputation, this designation has had the effect of making Nangaa and his immediate family members ineligible for entry into the United States.

2.     At the time of his designation, Nangaa was President of the Democratic Republic of the Congo's ("DRC") National Independent Electoral Commission ("CENI"), which is an independent governmental body that organizes and administers elections in the DRC. Nangaa has spent much of his professional life dedicated to fostering democratic elections in the DRC and was a major player in the DRC's first democratic elections in decades, as well as its first successful democratic transition of power, in January 2019.

3.     The preliminary results of the historic 2018 DRC general elections administered by CENI were announced on January 10, 2019 and were heralded by the international community—including Defendants—as the first peaceful and democratic transfer of power in the DRC in decades. Defendants welcomed the victorious opposition candidate President Felix Tshishikedi's certification by the DRC Constitutional Court and highlighted the importance of former President Joseph Kabila's decision to abide by his constitutionally-mandated term limits and his transfer of power to a successor.

4.     Despite their praise for the elections, Defendants greeted the historic and democratic transfer of power in the DRC by designating Nangaa under Section 7031(c) for his alleged "involvement in significant corruption relating to the electoral process." Press Release, U.S. Dep't of State, Office of the Spokesperson, Public Designation of, and Visa Restrictions Placed on, Multiple Officials of the Democratic Republic of the Congo Due to Involvement in

Significant Corruption, Human Rights Violations or Abuses, or Undermining of Democracy (Feb. 22, 2019).

5.     Defendants have undertaken this action without any factual basis and without providing any notice to Nangaa as to the reasons for the Secretary's action or any opportunity to challenge his designation.  This lawless approach has wreaked devastation on Nangaa and his family.  Further, it continues unabated, as Nangaa has no opportunity to challenge Defendants' action through any available administrative procedures.

6.     For this reason, Nangaa seeks this Court's intervention in order to compel Defendants to fulfill their statutory duties under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et al*., including the provision of notice as to the basis of his designation and a meaningful opportunity to challenge that designation before Defendants, or by rescinding Nangaa's designation under § 7031(c).

## JURISDICTION AND VENUE

7.     This action arises under the United States Constitution, the Department of State, Foreign Operations, and Related Programs Appropriation Act of 2019 (Div. F, P.L. 116-6), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, as well as pursuant to 28 U.S.C. § 1361.

8.     This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. 65. This Court may grant mandamus relief pursuant to 28 U.S.C. § 1361.

9.    Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

10.    Plaintiff Corneille Yobeluo Nangaa is and was at all times relevant herein a citizen of the Democratic Republic of the Congo. He is currently residing at 34 Tshatshi Avenue, Kinshasa/Gombe, DRC.

11.    Nangaa publicly designated under Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019.

12.    The United States Department of State is a federal executive department located at 2201 C Street, NW, Washington D.C. 20520. The U.S. Department of State is responsible for executing the United States' foreign policy and advising the President, including, for instance, by administering certain U.S. sanctions programs.

13.    Defendant Michael R. Pompeo is the Secretary of State. Secretary Pompeo is sued in his official capacity. Secretary Pompeo is responsible for leading the U.S. State Department, including by publicly designating persons under § 7031 of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019.

## FACTUAL ALLEGATIONS

**A.    Secretary Pompeo Publicly Designates Nangaa Under Section 7031(c)**

14.    On February 22, 2019, Secretary Pompeo publicly designated Nangaa under § 7031(c) on allegations that Nangaa was involved in significant corruption relating to the electoral process in the DRC. Press Release, U.S. State Dep't, Public Designation of, and Visa Restrictions Placed on, Multiple Officials of the Democratic Republic of the Congo Due to

4

Involvement in Significant Corruption, Human Rights Violations or Abuses, or Undermining of Democracy (Feb. 22, 2019). As a result of this designation, Nangaa and his immediate family members are ineligible for entry into the United States.

15.     Defendants issued a press release announcing Nangaa's designation. This press release merely restated the ineligibility criteria of Section 7031(c)(1).  Specifically, it stated that in cases where the Secretary of State has "credible information" that officials of foreign governments have been involved in significant corruption or a gross violation of human rights those individuals and their immediate family members are ineligible for entry into the United States. *Id*.  It further concluded that Nangaa was designated for his alleged "involvement in significant corruption relating to the electoral process." *Id*. The press release did not provide any information as to Nangaa's specific role in the electoral process nor did it detail the reasons for the Secretary's determination that Nangaa had been involved in significant corruption with respect to that electoral process. *Id*.

16.     These broad and conclusory allegations have left Nangaa unable to ascertain how Defendants determined that his conduct satisfied the designation criteria of 7031(c). That designation criteria holds that an ineligibility determination must be based on "credible information" that a foreign government official has been involved in "significant corruption, including corruption related to the extraction of natural resources, or a gross violation of human rights . . ." Yet, Nangaa has been provided no information or evidence that would enable him to meaningfully rebut the allegations against him or the "credibility" of those allegations.

17.     The legal consequence of Nangaa's designation is that he and his immediate family members are prohibited entry into the United States. The immediate practical consequence of his designation is that Nangaa has been publicly declared an individual engaged

in significant corruption by the Secretary of State of the United States and has suffered significant reputational damage from this public declaration.

**B.    Defendants Failed to Publish Notice of Nangaa's Public Designation Under § 7031(c) in the Federal Register**

18.    The APA mandates government agencies to "separately state and currently publish in the Federal Register for the guidance of the public . . . substantive rules of general applicability adopted as authorized by law…" 5 U.S.C. § 552(a)(1)(D).

19.    Defendants have not published any notice in the Federal Register with respect to Nangaa's public designation under § 7031(c).

**C.    Defendants Failed to Publish in the Federal Register Any Methods, Procedures, and Rules Whereby Nangaa May Apply for a Waiver**

20.    The APA mandates government agencies to publish in the Federal Register "descriptions of . . . the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

21.    The APA mandates government agencies to state and publish in the Federal Register "statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available." 5 U.S.C. § 552(a)(1)(B).

22.    The APA mandates government agencies to publicly identify "rules of procedure." 5 U.S.C. § 552(a)(1)(C).

23.    The APA also mandates government agencies to publish in the Federal Register "substantive rules of general applicability adopted as authorized by law, and statements of

general policy or interpretations of general applicability formulated and adopted by the agency." *See* 5 U.S.C. § 552(a)(1)(D).

24.     Defendants have yet to publish in the Federal Register any methods, procedures, or rules by which Nangaa can seek a waiver from the Secretary's visa ineligibility determination under § 7031(c).

25.     Defendants have abdicated their clear statutory obligations under the APA to provide publicly-available information as to how Nangaa can request a waiver from his visa ineligibility determination under § 7031(c). Accordingly, Nangaa lacks any guidance or knowledge as to how he may request such a waiver.

**E.     Defendants Failed to Publish in the Federal Register the Methods, Procedures, and Rules Whereby Nangaa May Administratively Contest His Public Designation Under § 7031(c)**

26.     The APA mandates government agencies to publicly identify "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

27.     The APA mandates government agencies to publicly identify "statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available." 5 U.S.C. § 552(a)(1)(B).

28.     The APA mandates government agencies to publicly identify "rules of procedure." 5 U.S.C. § 552(a)(1)(C).

29.     The APA mandates government agencies to publicly identify "substantive rules of general applicability adopted as authorized by law, and statements of general policy or

interpretations of general applicability formulated and adopted by the agency." 5 U.S.C. § 552(a)(1)(D).

30.     The APA further mandates each agency to give an interested person the right to petition for the issuance, amendment, or repeal of a rule. 5 U.S.C. § 553(e). The APA also provides interested parties with the right to appear before an agency for the "determination of an issue, request, or controversy in a proceeding . . . , or in connection with an agency function." 5 U.S.C. § 555(b).

31.     Defendants have not published any procedures by which Nangaa can challenge his designation under § 7031(c). In addition, Defendants have not identified whether any administrative reconsideration process exists for a public designation under § 7031(c); or, if so, to which officer or agency requests for administrative reconsideration should be directed. As an interested person, Nangaa continues to be deprived of his right to appear before Defendants, to request them to reconsider their Section 7031(c) designation action.

32.     Defendants have also not published any procedures by which Nangaa can request the administrative record relating to his designation under § 7031(c). To the extent that such a process exists for requests for the administrative record, Defendants have not identified to which officer or agency those requests should be directed.

33.     Defendants have not provided any publicly-available information as to how Nangaa can request administrative reconsideration of his public designation nor the administrative record compiled in support in that designation.

**D.     Harm to Nangaa**

34.     Defendants' unlawful action has caused significant harm to Nangaa. Defendants' false allegations of corruption have devastated Nangaa's hard-won reputation and undermined

efforts to effectively administer—in his official capacity as CENI's President—future democratic elections in the DRC.

35.     Defendants' approach to Nangaa's designation has also caused serious harm to his immediate family—not merely because the public designation has seriously damaged the family reputation, but also because the designation makes all of Nangaa's immediate family members ineligible for entry into the United States. Further, the harm to Nangaa and his family continues unabated, as Nangaa has no opportunity to challenge Defendants' action through any administrative procedures.

## LEGAL CLAIMS

## COUNT I

### DEFENDANTS' FAILURE TO PUBLICLY IDENTIFY THE METHODS, PROCEDURES, AND RULES WHEREBY NANGAA MAY REQUEST RECONSIDERATION OF HIS PUBLIC DESIGNATION VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

36.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37.     The APA empowers courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

38.     Pursuant to the APA, courts shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

39.     The APA requires agencies to publicly identify "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

40.     Agencies are required to publicly identify "statements of the general course and method by which its functions are channeled and determined . . ." 5 U.S.C. § 552(a)(1)(B). This includes, *inter alia*, identifying the nature and requirements of all available procedures. *Id.*

41.     The APA further requires agencies to publicly identify "rules of procedure." 5 U.S.C. § 552(a)(1)(C).

42.     The APA also requires agencies to publicly identify "substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency." 5 U.S.C. § 552(a)(1)(D).

43.     Defendants have failed to publicly identify the procedures, methods, and rules available for Nangaa to challenge his public designation under § 7031(c) in violation of the APA, and should be compelled to publicly identify such procedures, methods, and rules by this Court.

### COUNT II

**DEFENDANTS' FAILURE TO PUBLICLY IDENTIFY THE METHODS, PROCEDURES, AND RULES WHEREBY NANGAA MAY REQUEST A WAIVER UNDER SECTION 7031(c)(3) VIOLATES THE ADMINISTRATIVE PROCEDURE ACT**

44.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

45.     The APA empowers courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

46.     Pursuant to the APA, courts shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

47.     Section 7031(c)(3) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019 states that the application of an ineligibility designation under Section 7031(c)(1) may be waived if the Secretary of State determines that the waiver would serve a compelling national interest or that the circumstances which caused the individual to be ineligible have sufficiently changed.

48.     The collective requirements of 5 U.S.C. § 552(a)(1)(A)-(D) obligate the State Department or its offices and agencies to publicly identify the methods, procedures, and rules by which designated persons may apply for, and obtain, a waiver with respect to their visa ineligibility determination.

49.     Defendants' failure to publicly identify the methods, procedures, and rules available for Nangaa to apply for and obtain a waiver with respect to the Secretary's visa ineligibility determination under § 7031(c) violates the APA, and this Court should compel Defendants to publicly identify such methods, procedures, and rules.

## COUNT III

### DEFENDANTS' FAILURE TO PUBLISH IN THE FEDERAL REGISTER A NOTICE OF NANGAA'S DESIGNATION UNDER SECTION 7031(c) VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

50.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

51.     The APA empowers courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

52.     Pursuant to the APA, courts shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not

in accordance with law, or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

53.     Agencies are required to "separately state and currently publish in the Federal Register for the guidance of the public . . . substantive rules of general applicability adopted as authorized by law . . ." 5 U.S.C. § 552(a)(1)(D).

54.     The APA defines a "rule" as an agency statement or any part thereof that applies either generally or particularly and whose future effect is intended to "implement, interpret, or prescribe law or policy . . ." 5 U.S.C. § 551(4).

55.     Defendants' public designation of Nangaa under Section 7031(c) constitutes a substantive rule of general applicability insofar as the designation implements and prescribes law of general applicability by deeming individuals ineligible for entry into the United States.

56.     Defendants' failure to file a notice in the Federal Register with respect to Nangaa's designation under § 7031(c) violates the APA.

## COUNT IV

### DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR NANGAA'S DESIGNATION UNDER SECTION 7031(c) VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

57.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

58.     Under the Fifth Amendment to the U.S. Constitution, Nangaa has a right to adequate post-deprivation notice. Sufficient notice requires Defendants to provide Nangaa with the reasons for his designation so as to permit him a meaningful opportunity to respond.

59.     Defendants are required to provide Nangaa information sufficient to allow him to understand the bases, conclusions, findings, and reasoning underlying his public designation, so that he may have an opportunity to meaningfully respond to such designation.

60.     Under the Fifth Amendment to the U.S. Constitution, Nangaa has a right to a hearing. Any constitutionally adequate hearing must provide Nangaa with the opportunity to be heard in a meaningful manner.

61.     By failing to provide Nangaa with notice apprising him as to the reasons for his public designation under Section 7031(c), Defendants have denied Nangaa a meaningful opportunity to challenge his designation. Defendants have thus failed to provide Nangaa with sufficient notice as to the basis for his designation in violation of Nangaa's due process rights under the Fifth Amendment to the U.S. Constitution.

62.     By failing to publish any methods, procedures, or rules by which Nangaa can request the reconsideration of his public designation or otherwise challenge his designation before the agency, Defendants have denied Nangaa a hearing in violation of Nangaa's due process rights under the Fifth Amendment to the U.S. Constitution.

## COUNT V

## DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR NANGAA'S DESIGNATION UNDER SECTION 7031(c) VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

63.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

64.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or without observance of procedure

required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

65.     The APA entitles interested parties to appear before an agency with respect to any "issue, request, or controversy in a proceeding . . . or in connection with an agency function." 5 U.S.C. § 555(b). Agencies are required to issue a decision with respect to these requests within a reasonable time. *Id.*

66.     Defendants have not identified how Nangaa can appear before the agency to request the reconsideration of his designation. By failing to publish rules of procedure by which Nangaa can request the reconsideration of his public designation or otherwise challenge his designation before the agency, Defendants have failed to act in accordance with law or with observance of procedure required by law in violation of the APA.

67.     The APA permits Nangaa to request the reconsideration of his designation by the Secretary of State. By failing to provide any form of notice designed to apprise Nangaa of the basis for his designation, Defendants have denied him a meaningful opportunity to challenge his designation. Defendants have thus acted in violation of the APA by acting arbitrarily or capriciously, abusing their discretion, or failing to act in accordance with law or in observance of procedure required by law, as Defendants have withheld notice from Nangaa as to the reasons for his designation. This failure has barred Nangaa from making use of the APA's administrative reconsideration procedures.

## COUNT VI

**DEFENDANTS' DESIGNATION OF NANGAA UNDER SECTION 7031(c) WAS ARBITARY, CAPRICIOUS, AN ABUSE OF DISCRETION, OR NOT OTHERWISE IN ACCORDANCE WITH LAW IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

68.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

69.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

70.     Defendants' public designation of Nangaa under Section 7031(c) constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, as Nangaa does not meet the legal criteria for public designation.

71.     Accordingly, Defendants' action constitutes a violation of the APA and should be set aside by this Court.

## RELIEF REQUESTED

Wherefore, Nangaa respectfully requests that this Court:

A.      Issue an order requiring Defendants to publish in the Federal Register notice as to the methods, procedures, and rules whereby Nangaa may request administrative reconsideration of his public designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

B.      Issue an order requiring Defendants to publish in the Federal Register the methods, procedures, and rules whereby Nangaa may request a waiver from his ineligibility for entry into the United States under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

C.      Issue an order requiring Defendants to publish notice in the Federal Register of Nangaa's public designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

D.      Issue an order vacating Nangaa's designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

E.      Issue an order requiring Defendants to rescind Nangaa's designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

F.      Issue an order requiring Defendants to disclose the administrative record, the unclassified portions of such record, and/or any other form of notice reasonably designed to apprise Nangaa as to the reasons for his public designation;

G.      Grant an award to Nangaa of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

H.      Any other and further relief as the Court may deem proper.


Dated:  November 12, 2019


Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Corneille Yobeluo Nangaa*

EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| _____ )<br><br>**MARCELLIN MUKOLO BASENGEZI** )<br>    Appartement 29, Cité du Fleuve )<br>    Kingabwa, Kinshasa )<br>    Democratic Republic of the Congo )<br>    )<br>             *Plaintiff,* )<br>    )<br>             *v.* )<br>    )<br>**MICHAEL R. POMPEO** )<br>**in his official capacity as** )<br>    **Secretary of State** )<br>    **U.S. Department of the State** )<br>    2201 C Street, NW )<br>    Washington, D.C. 20520 )<br>    )<br>             *Defendant,* )<br>    )<br>    and )<br>    )<br>**THE UNITED STATES** )<br>**DEPARTMENT OF STATE** )<br>    2201 C Street, NW )<br>    Washington, D.C. 20520 )<br>    )<br>             *Defendant.* )<br>_____) | **COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF**<br><br>CIV. NO. 19-3417<br><br>**ECF** |

Plaintiff Marcellin Mukolo Basengezi ("Basengezi") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of State and its Secretary, Michael R. Pompeo, and in support of this Complaint alleges the following:

## INTRODUCTION

1.      This case seeks the Court's intervention to enjoin Defendants from their unlawful public designation of Basengezi under Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriation Act of 2019 (Div. F, P.L. 116-6) ("Section

7031(c)"). Defendants' actions have subjected Basengezi and his immediate family to travel restrictions and destroyed his reputation without apprising him as to the reasons for his public designation as an individual allegedly engaged in "significant corruption" or permitting him an opportunity to challenge that designation.

2.    At the time of his designation by Defendants, Basengezi was Adviser in Charge of New Information Technologies to the President of the National Independent Electoral Commission ("CENI"), the independent governmental body that organizes and supervises elections in the Democratic Republic of the Congo ("DRC"). In that role, Basengezi helped administer the 2018 DRC general election, which was internationally heralded—including by Defendants—as the first successful democratic transfer of power in the DRC in decades.

3.    The election results have been recognized by Defendants as a historic success. Defendants welcomed President Tshishikedi's certification as the new DRC President and saluted the DRC's insistence on a peaceful and democratic transfer of power. Basengezi's significant efforts through CENI directly supported the DRC's democratic aspirations and led to this momentous event in DRC history.

4.    Defendants responded to this historically successful democratic election and transfer of power in the DRC by publicly designating Basengezi as a corrupt individual. More specifically, on February 22, 2019, the Secretary of State publicly designated Basengezi pursuant to Section 7031(c) for his alleged "involvement in significant corruption relating to the electoral process." Press Release, U.S. Dep't of State, Office of the Spokesperson, Public Designation of, and Visa Restrictions Placed on, Multiple Officials of the Democratic Republic of the Congo Due to Involvement in Significant Corruption, Human Rights Violations or Abuses, or Undermining of Democracy (Feb. 22, 2019).

5.      As a result of this designation, both Basengezi and his immediate family members are ineligible for entry into the United States. *Id.* Because Basengezi has children with U.S. citizenship, these travel restrictions impose significant hurdles for his family, and create unclear consequences for Basengezi's children.

6.      Basengezi's reputation has also been tarnished by Defendants' public allegations that he is engaged in significant corruption. In his work as a public servant at CENI, Basengezi helped administer the democratic election and transition in the DRC. By publicly allegedly corruption concerns relating to the electoral processes, Defendants have impugned a historic and successful election—that Defendants themselves celebrated—alongside Basengezi's reputation.

7.      Defendants made this public designation without any factual basis and have provided no notice to Basengezi as to the reasons for their action nor any opportunity to challenge his designation. The harm from Defendants' actions to Basengezi's personal life and professional reputation persists unabated, as he has no ability to challenge Defendants' action through any administrative process.

8.      Defendants have designated Basengezi without abiding by basic rules of constitutional and administrative law or providing him any avenue for relief. For these reasons, Basengezi now turns to this Court for reprieve.

**JURISDICTION AND VENUE**

9.      This action arises under the United States Constitution, the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises pursuant to 28 U.S.C. § 1361 and the laws of the United States.

10. This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. 65. This Court may grant mandamus relief pursuant to 28 U.S.C. § 1361.

11. Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

12. Plaintiff Marcellin Mukolo Basengezi is and was at all times relevant herein a citizen of the Democratic Republic of the Congo. Basengezi currently resides at Appartement 29, Cité du Fleuve, Kingabwa, Kinshasa, DRC.

13. Basengezi was publicly designated under Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019.

14. Defendant the United States Department of State is a federal executive department and is located at 2201 C Street, NW, Washington, D.C. 20520. The U.S. State Department is responsible for executing the United States' foreign policy and advising the President, including, for instance, by administering certain U.S. sanctions programs.

15. Defendant Michael R. Pompeo, the Secretary of State, is sued in his official capacity. Secretary Pompeo leads the Department of State and is responsible for publicly or privately designating individuals under Section 7031(c).

## FACTUAL ALLEGATIONS

### A.  Secretary Pompeo's February 22, 2019 Designation of Basengezi

16. On February 22, 2019, Secretary Pompeo publicly designated Basengezi under Section 7031(c) based on allegations that Basengezi was involved in significant corruption relating

to the electoral process in the DRC. Press Release, U.S. State Dep't, Public Designation of, and Visa Restrictions Placed on, Multiple Officials of the Democratic Republic of the Congo Due to Involvement in Significant Corruption, Human Rights Violations or Abuses, or Undermining of Democracy (Feb. 22, 2019). As a result of this designation, Basengezi and his immediate family members are ineligible for entry into the United States.

17.     Defendants issued a press release announcing their action and stating in conclusory fashion that Basengezi was designated for his alleged "involvement in significant corruption relating to the electoral process." *Id*. The press release acknowledged the "historic transfer of power" through the DRC's national election but expressed concerns over the conduct and transparency of the electoral process. *Id*.

18.     The press release did not however provide any information about Basengezi's alleged role in the electoral process, nor did it detail the reasons for Defendants' determination that Basengezi was involved in significant corruption relating to that process.

19.     The legal consequence of Basengezi's designation is that he and his immediate family members are barred from entering the United States. The immediate practical consequence of his designation is that Basengezi has been publicly declared to be an individual engaged in significant corruption by Secretary Pompeo and has as a direct result suffered significant reputational damage and been cut off from his family in the United States.

**B.     Basengezi's Freedom of Information Act Request**

20.     Due to his lack of understanding as to the reasons for his public designation, and because Defendants have not published any procedures under which Basengezi can request the administrative record or any other form of notice of the reasons for his designation, Basengezi filed a Freedom of Information Act ("FOIA") request on July 9, 2019. The FOIA request sought

information related to his designation by the Secretary of State under Section 7031(c). The FOIA request was accompanied by a Letter of Authorization executed by Basengezi which was attached as Annex A to the request. Exhibit A—Marcellin Mukolo Basengezi FOIA Request.

21.     The State Department acknowledged receipt of this request on July 19, 2019, and assigned the request a Case ID F-2019-07849.  The State Department also stated that it needed to extend the time limit to respond to Basengezi's FOIA request beyond the ten additional days provided by the statute because of "unusual circumstances."

22.     On October 25, 2019, the State Department responded that they could not disclose records pursuant to the FOIA Request "[b]ecause [the] FOIA request does not include authorization from the subject of the record…." Exhibit B—October 25, 2019 State Department Response to Basengezi.

### C.     Defendants Failed to Publish Notice of Basengezi's Public Designation Under Section 7031(c) in the Federal Register

23.     The APA mandates that agencies "separately state and currently publish in the Federal Register for the guidance of the public . . . substantive rules of general applicability adopted as authorized by law . . ." 5 U.S.C. § 552(a)(1)(D).

24.     Defendants have not published any notice in the Federal Register with respect to Basengezi's public designation under Section 7031(c).

### D.     Defendants Failed to Identify the Methods, Procedures, and Rules Whereby Basengezi May Administratively Contest His Designation

25.     Defendants have not identified any procedures by which Basengezi can challenge his designation under Section 7031(c). Further, Defendants have not identified whether any administrative reconsideration process exists for public designations under Section 7031(c). To

the extent that such a process exists, Defendants have not identified the officer or agency to whom those requests should be directed.

26.     Additionally, Defendants have not identified any procedures by which Basengezi can seek the administrative record relied upon for his designation under Section 7031(c). To the extent that such a process exists, Defendants have not identified the officer or agency to whom those requests should be directed.

27.     Defendants are required by law to publicly identify "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

28.     Defendants are required by law to publicly identify "statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available." 5 U.S.C. § 552(a)(1)(B).

29.     Defendants are required by law to publicly identify "rules of procedure." 5 U.S.C. § 552(a)(1)(C).

30.     Defendants have not made publicly available any information about how Basengezi can request administrative reconsideration of his public designation or seek the administrative record relied upon for that designation.

**E.     Defendants Failed to Identify Any Methods, Procedures, and Rules Whereby Basengezi May Apply for a Waiver**

31.     Defendants have not identified any methods, procedures, or rules by which Basengezi can seek a waiver from Secretary Pompeo's visa ineligibility determination under Section 7031(c).

32. Defendants are required by law to publicly identify "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

33. Defendants are required by law to publicly identify "statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available." 5 U.S.C. § 552(a)(1)(B).

34. Defendants are required by law to publicly identify "rules of procedure." 5 U.S.C. § 552(a)(1)(C).

35. Defendants have failed to abide by their legal requirements to provide publicly-available information as to how Basengezi can request a waiver from his visa ineligibility determination under Section 7031(c).

**F.    Harm to Basengezi**

36. Defendants' unlawful actions have been personally and professionally devastating to Basengezi. The reputation he built through his public service to the DRC and his efforts to ensure the success of the democratic elections in that country have been ruined by the false allegations of corruption that the Defendants have leveled at him.

37. The public designation has also harmed Basengezi's family as his two U.S. citizen daughters (ages 3 and 5)—both too young to travel freely abroad—were forced to leave their home country because their father is unable to enter the United States due to Defendants' actions.

38. Further, prior to his designation, Basengezi regularly traveled to the United States. These visits included a vacation in 2007, attendance of a friend's wedding in 2008, his honeymoon in 2013, multiple work trips during 2014 while Basengezi worked for the DRC Finance Ministry, and travel in 2015 for the birth of his first daughter. Basengezi also frequently traveled to the

United States once or twice a year as part of his work for CENI, including for meetings at the United Nations ("UN") and with former U.S. Ambassador to the UN Nikki Haley. Basengezi's travel to the United States typically would usually last from one to three weeks.

39. Moreover, Basengezi and his wife hold a bank account with Wells Fargo which they opened at a branch in Alexandria, Virginia some time prior to Basengezi joining CENI. Basengezi would fund that account with savings from his pre-CENI employment during his time in the private sector, however, once he became employed by CENI he no longer remitted funds to that account. It is Basengezi's understanding that the account maintains a balance of approximately $30,000.00 USD and that Wells Fargo reported that account to the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") as blocked property following Basengezi's designation by OFAC under Executive Order 13413.

## LEGAL CLAIMS

### COUNT I

#### DEFENDANTS' FAILURE TO PUBLICLY IDENTIFY THE METHODS, PROCEDURES, AND RULES WHEREBY BASENGEZI MAY REQUEST RECONSIDERATION OF HIS PUBLIC DESIGNATION VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

40. Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

41. Pursuant to the APA, courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

42. Pursuant to the APA, courts shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

43. The APA requires agencies to publicly identify "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

44. The APA requires agencies to publicly identify "statements of the general course and method by which its functions are channeled and determined . . ." 5 U.S.C. § 552(a)(1)(B). This includes, *inter alia*, identifying the nature and requirements of available procedures. *Id.*

45. The APA requires agencies to publicly identify "rules of procedure." 5 U.S.C. § 552(a)(1)(C).

46. Defendants have failed to publicly identify the places at which, the employees from whom, and the methods by which Basengezi can challenge his public designation under Section 7031(c). Thus, Defendants have unlawfully withheld that information and have acted not in accordance with law or without observance of procedure required by law, in violation of the APA.

47. By failing to identify the procedures available for Basengezi to challenge his designation under Section 7031(c), Defendants have unlawfully withheld those procedures and have acted not in accordance with law or without observance of procedure required by law in violation of the APA.

48. By failing to publicly identify the rules of procedure by which Basengezi can challenge his public designation pursuant to Section 7031(c), Defendants have unlawfully withheld those rules. This failure is not in accordance with law and without observance of procedure required by law in violation of the APA.

# COUNT II

### DEFENDANTS' FAILURE TO PUBLICLY IDENTIFY THE METHODS, PROCEDURES, AND RULES BY WHICH BASENGEZI MAY REQUEST A WAIVER UNDER SECTION 7031(c)(3) VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

49.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

50.     Courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

51.     Courts shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

52.     Section 7031(c)(3) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019 states that the Secretary of State may waive the visa ineligibility requirement if doing so would serve a compelling U.S. national interest or if the circumstances that caused the person to be ineligible have sufficiently changed.

53.     The State Department and its offices and agencies are obligated by law to publicly identify the methods, procedures, and rules by which designated persons may apply for, and obtain, a waiver with respect to their visa ineligibility determination. 5 U.S.C. § 552(a)(1)(A)-(D)

54.     Defendants' failure to publicly identify the methods, procedures, and rules available for Basengezi to apply for and obtain a waiver with respect to the Secretary of State's visa ineligibility determination under Section 7031(c) violates the APA.

## COUNT III

### DEFENDANTS' FAILURE TO PUBLISH IN THE FEDERAL REGISTER A NOTICE OF BASENGEZI'S DESIGNATION UNDER SECTION 7031(c) VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

55.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

56.     Courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

57.     Courts shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

58.     Agencies are required to "separately state and currently publish in the Federal Register for the guidance of the public . . . substantive rules of general applicability adopted as authorized by law . . ." 5 U.S.C. § 552(a)(1)(D).

59.     The APA defines a "rule" as an agency statement or any part thereof that applies either generally or particularly and whose future effect is intended to "implement, interpret, or prescribe law or policy . . ." 5 U.S.C. § 551(4).

60.     Defendants' public designation of Basengezi under Section 7031(c) constitutes a substantive rule of general applicability insofar as the designation implements and prescribes law of general applicability by deeming individuals ineligible for entry into the United States.

61.     Defendants' failure to publish notice in the Federal Register with respect to Basengezi's designation under Section 7031(c) violates the APA.

## COUNT IV

### DEFENDANTS' DESIGNATION OF BASENGEZI UNDER SECTION 7031(c) CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

62.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

63.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

64.     Defendants' designation of Basengezi under Section 7031(c) is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, as Basengezi does not meet the legal criteria for public designation.

## COUNT V

### DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR BASENGEZI'S DESIGNATION UNDER SECTION 7031(c) VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

65.     Basengezi re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

66.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

67.     The APA entitles interested parties to appear before an agency with respect to any "issue, request, or controversy in a proceeding . . . or in connection with an agency function." 5 U.S.C. § 555(b). Agencies are required to issue a decision with respect to these requests within a reasonable time. *Id.*

68.     Defendants have not identified how Basengezi can appear before the agency to request reconsideration of his designation. By failing to publish rules of procedure by which Basengezi can request reconsideration or otherwise challenge his designation before the agency, Defendants have failed to act in accordance with law or with observance of procedure required by law in violation of the APA.

69.     The APA permits Basengezi to request the reconsideration of his designation by the Secretary of State. By failing to provide any form of notice designed to apprise Basengezi of the basis for his designation, Defendants have denied him a meaningful opportunity to challenge his designation. Defendants have thus violated the APA by acting arbitrarily or capriciously, abusing their discretion, or failing to act in accordance with law or in observance of procedure required by law in withholding notice from Basengezi as to the reasons for his designation. Defendants' failure has barred Basengezi from making use of the APA's administrative reconsideration procedures.

## COUNT VI

### DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR BASENGEZI'S DESIGNATION UNDER SECTION 7031(c) VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

70.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

71.     Under the Fifth Amendment to the U.S. Constitution, Basengezi has a right to adequate post-deprivation notice. Sufficient notice requires Defendants to provide Basengezi with the reasons for his designation so as to permit him a meaningful opportunity to respond.

72.     Under the Fifth Amendment to the U.S. Constitution, Basengezi has a right to a hearing. Any constitutionally adequate hearing must provide Basengezi with the opportunity to be heard in a meaningful manner.

73.     By failing to provide Basengezi with notice apprising him as to the reasons for his public designation, Defendants have denied Basengezi a meaningful opportunity to challenge his designation. Defendants have thus failed to provide Basengezi with sufficient notice as to the basis for his designation in violation of Basengezi's due process rights under the Fifth Amendment to the U.S. Constitution.

74.     By failing to publish any rules of procedures by which Basengezi can request the reconsideration of his public designation or otherwise challenge his designation before the agency, Defendants have denied Basengezi a hearing in violation of Basengezi's due process rights under the Fifth Amendment to the U.S. Constitution.

## COUNT VII

### DEFENDANTS' DEPRIVATION OF BASENGEZI'S PARENTAL RIGHTS BY DESIGNATING HIM UNDER SECTION 7031(c) VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

75.     Basengezi re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

76.     Under the Fifth Amendment to the U.S. Constitution, Basengezi's due process protections are invoked when Defendants' actions threaten his parental rights and custody of his children.

77.     Defendants have failed to provide Basengezi with sufficient notice as to the basis for his designation in violation of Basengezi's due process rights under the Fifth Amendment to the U.S. Constitution.

78.     Defendants also have denied Basengezi a hearing in violation of Basengezi's due process rights under the Fifth Amendment to the U.S. Constitution.

## RELIEF REQUESTED

Wherefore, Basengezi respectfully requests that this Court:

A.      Issue an order requiring Defendants to publish in the Federal Register notice as to the methods, procedures, and rules whereby Basengezi may request administrative reconsideration of his public designation under Section 7031(c);

B.      Issue an order requiring Defendants to publish in the Federal Register notice as to the methods, procedures, and rules whereby Basengezi may request waiver from the Secretary of State's visa ineligibility determination under Section 7031(c);

C.      Issue an order requiring Defendants to publish in the Federal Register notice of Basengezi's public designation under Section 7031(c);

D.      Issue an order vacating Basengezi's designation under Section 7031(c);

E.      Issue an order requiring Defendants to rescind Basengezi's designation under Section 7031(c);

F.      Issue an order requiring Defendants to disclose the administrative record, the unclassified portions of such record, and/or any other form of notice reasonably designed to apprise Basengezi as to the reasons for his public designation under Section 7031(c);

G.      Grant an award to Basengezi of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*., and any other applicable provision of law; and

H.      Any other and further relief as the Court may deem proper.


Dated:  November 12, 2019                        Respectfully submitted,

                                                 /s/ Erich C. Ferrari
                                                 Erich C. Ferrari, Esq.
                                                 FERRARI & ASSOCIATES, P.C.
                                                 1455 Pennsylvania Avenue, NW
                                                 Suite 400
                                                 Washington, D.C. 20004
                                                 Telephone: (202) 280-6370
                                                 Fax: (877) 448-4885
                                                 Email: ferrari@falawpc.com
                                                 D.C. Bar No. 978253


                                                 Attorney for Plaintiff
                                                 *Marcellin Mukolo Basengezi*

EXHIBIT

A



**Ferrari & Associates, P.C.**

1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Tel. 202-280-6370
Fax. 877-448-4885

July 9, 2019

<u>**SENT VIA FEDERAL EXPRESS: # 7756 6483 0352**</u>

Office of Information Programs and Services
United States Department of State
State Annex 2 (SA-2)
515 22nd Street, NW
Washington, D.C. 20522-8100

Re: <u>**Freedom of Information Act ("FOIA") Request—Marcellin Mukolo Basengezi**</u>
   *Request for Administrative Record Underlying § 7031(c) Designation*

Dear Madam or Sir:

  Marcellin Mukolo Basengezi respectfully requests any and all records relating to his designation by the Secretary of State under Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019 ("DOS Appropriations Act"). This request is made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., and the Public Access to Information Regulations, 22 C.F.R. Part 171. Mr. Basengezi has authorized his legal representative, Ferrari & Associates, P.C., to seek disclosure of such records on his behalf as a third-party requestor.[1]

  **I.**  <u>**Purpose of FOIA Request**</u>

  On February 22, 2019, the Secretary of State publicly designated and imposed certain visa restrictions on Mr. Basengezi following a determination that he was involved "in significant corruption relating to the electoral process" in the Democratic Republic of the Congo ("DRC").[2] The Secretary of State made that designation pursuant to the DOS Appropriations Act.[3] As a result of this designation, Mr. Basengezi and his immediate family members are ineligible for entry into the United States.

---

[1] Annex A—Letter of Authorization.
[2] U.S. Department of State Press Release, *Public Designation of, and Visa Restrictions Placed on, Multiple Officials of the Democratic Republic of the Congo Due to Involvement in Significant Corruption, Human Rights Violations or Abuses, or Undermining of Democracy* (Feb. 22, 2019).
[3] *Id.*

Mr. Basengezi is seeking the disclosure of records relating to his designation so that he may have a meaningful opportunity to challenge the designation and the factual basis underlying the Secretary of State's decision to designate him. Prior to pursuing a rescission of the designation under the DOS Appropriations Act, however, Mr. Basengezi seeks to understand the factual and legal basis underlying his designation under that authority.

## II.  Request for Records

Mr. Basengezi requests all records that have been relied on, or otherwise considered by, the Secretary of State or his agents or officers in deciding to designate him under the DOS Appropriations Act, including:

1.  Documents that either specifically mention by name or otherwise pertain to Mr. Basengezi or any of his known aliases;

2.  Documents, information, reports, memoranda, or summaries regarding the decision to designate Mr. Basengezi under the DOS Appropriations Act;

3.  The administrative record underlying the decision to designate Mr. Basengezi under the DOS Appropriations Act;

4.  Cables, emails, letters, faxes, or other correspondence created by, received by, or in the possession of, any office in the Department of State relating to the decision to designate Mr. Basengezi under the DOS Appropriations Act;

5.  Post-decisional reports, documentary evidence, or factual summaries created by, received by, or otherwise in the possession of, any division or office within the Department of State relating to the decision to designate Mr. Basengezi under the DOS Appropriations Act; and

6.  Open-source materials, such as newspaper articles, press releases, or interviews, relating to the decision to publicly designate Mr. Basengezi under the DOS Appropriations Act.

Mr. Basengezi reasonably believes that the requested records are in the possession of the State Department, as the Secretary of State—the principal officer of the agency—is statutorily responsible for designations made under the DOS Appropriations Act.

Mr. Basengezi does not anticipate that this request will implicate any FOIA exemptions and notes that FOIA's exemptions from disclosure are to be narrowly construed so that maximum access can be provided consistent with FOIA's overall purpose.[4] Whole documents should not be determined exempt merely because an isolated portion of a document may not be disclosed, as courts have routinely enforced the practice of segregating non-exempt portions of documents.[5] Accordingly, if it is determined that certain requested records contain information that may be exempt from disclosure, Mr. Basengezi requests disclosure of all reasonably segregable non-exempt portions, as well as an accompanying justification for the withholding of those portions determined to be exempt, along with references to the relevant exemption.  This request is made without prejudice to Mr. Basengezi's right to appeal any agency decision to withhold information or delete records.

### III.  <u>Request for Expedited Processing</u>

A requestor will receive expedited processing upon demonstration that a compelling need exists for the information.[6] A "compelling need" can be established through a showing that a failure to release the requested records "would impair substantial due process rights . . . ."[7]

Mr. Basengezi is an individual who has been designated and rendered ineligible for entry into the United States by the Secretary of State under the DOS Appropriations Act. The sole public notice of the basis for his designation is the State Department's press release announcing the designation, which alleged that he was determined to have met the basis for designation under the relevant statute. Mr. Basengezi has been provided no additional notice as to the reasons for his public designation and has not been afforded an opportunity for a hearing to challenge his designation.

Mr. Basengezi has a compelling need for release of all records relating to the basis for his designation under the DOS Appropriations Act, as the lack of notice provided by the State Department as to the reasons for his designation is inconsistent with the agency's due process obligations.  Further, the lack of notice undermines Mr. Basengezi's ability to substantively challenge his designation through any administrative or other legal process. The State Department's failure to release the requested records in an expedited manner would further continue the avoidable harm caused by the agency's failure to meet its due process obligations. Accordingly, Mr. Basengezi requests expedited processing of this request for records.

---

[4] *EPA v. Mink*, 410 U.S. 73 (1973); *Dep't of Air Force v. Rose*, 425 U.S. 352 (1976); *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973).
[5] *Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C. Cir. 1973).
[6] 22 C.F.R. § 171.11(f).
[7] 22 C.F.R. § 171.11(f)(3).

Mr. Basengezi requests electronic copies of all documents,[8] and Ferrari & Associates, P.C. agrees to pay up to $500 in fees related to this request.[9] For fees above $500, Mr. Basengezi requests that the Office of Information Programs and Services first contact undersigned counsel before incurring those expenses.[10] Mr. Basengezi understands the penalties for requesting access to records under false pretenses and certifies under penalty of perjury that the information contained in this request is true and accurate.

Mr. Basengezi respectfully requests that the Office of Information Programs and Services contact undersigned counsel should it have questions or require clarification regarding any matter contained in or relating to this request. Please forward all correspondence relating to this request to:

Erich C. Ferrari
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Tel.: (202) 280-6370
Fax.: (877) 448-4885

Thank you for your consideration, and Mr. Basengezi looks forward to your response.

Sincerely,

Erich C. Ferrari

---

[8] 22 C.F.R. § 171.11(c) ("Any records provided in response to a request shall be provided in the form or format requested if the records are readily reproducible in that form or format.").

[9] 22 C.F.R. § 171.11(d) ("When making a request, the requester may specify a willingness to pay a greater or lesser amount. If the Department determines that costs and fees will exceed the amount agreed to by the requester, the Department shall inform the requester of estimated fees and process up to the amount of the original agreement, unless a new agreement is made.").

[10] *Id.*

Case 1:19-cv-03417-TSC   Document 4-1   Filed 12/27/19   Page 49 of 55

# ANNEX A

 Ferrari & Associates, P.C.

1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Tel. 202-280-6370
Fax. 877-448-4885

June 29, 2019

Office of Information Programs and Services
United States Department of State
State Annex 2 (SA-2)
515 22nd Street, NW
Washington, D.C. 20522-8100

**Re:** **FOIA Request—Letter of Authorization on Behalf of Marcellin Mukolo Basengezi**

Dear Madam or Sir:

This letter serves as written consent authorizing the United States Department of State to disclose records to my duly appointed counsel, Erich C. Ferrari of the law firm Ferrari & Associates, P.C., pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Mr. Ferrari is an attorney licensed to practice law in the District of Columbia. His office address is 1455 Pennsylvania Ave., NW, Suite 400, Washington, D.C. 20004. His telephone number is (202) 280-6370, and his email address is ferrari@falawpc.com. Mr. Ferrari and the law firm of Ferrari & Associates, P.C. are authorized to serve as my U.S. legal representatives.

Accordingly, I hereby authorize the U.S. Department of State to disclose to Mr. Ferrari and Ferrari & Associates, P.C. any information and documents—classified or unclassified—related to the accompanying FOIA request.

By signing below, I certify that I have been advised by Mr. Ferrari and Ferrari & Associates, P.C. of the penalties provided for in 5 U.S.C. § 552(a)(i)(3) for requesting access to records under false pretenses and that I understand those penalties. I further declare that the foregoing is true and accurate under penalty of perjury under 28 U.S.C. § 1746.

Marcellin Mukolo Basengezi

EXHIBIT

B



**United States Department of State**

*Washington, D.C. 20520*

October 25, 2019

Erich C. Ferrari
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004

E-mail: Ferrari@falawpc.com

Case Control Number: F-2019-07849
Subject of Request: Marcellin Mukolo
Basengezi

Dear Mr. Ferrari:

I refer to your July 2019 request under the Freedom of Information Act for records pertaining to Marcellin Mukolo Basengezi's visa record.

Visa records are confidential under 8 USC 1202(f) and, accordingly, are generally exempt from disclosure. We interpret the law to permit us to disclose certain visa-related information, such as a visa application or immigration petition, to the subject of a record who provided the record to the Department. Because your FOIA request does not include authorization from the subject of the record, we cannot disclose any visa records or any information concerning the possible existence or absence of any records.

All visa records, including whether any visa records exist relative to a particular individual, are exempt from disclosure under exemption (b)(3) of the Freedom of Information Act and the visa record confidentiality provisions of section 222(f) of the Immigration and Nationality Act. Additionally, personal privacy interests are protected by exemption (b) (6) of the Freedom of Information Act, and disclosing the existence or absence of such records with respect to an individual would reveal information in which there is a significant privacy interest and no public interest in disclosure. Accordingly, we are unable to provide any information in response to your request.

You may submit a new request with authorization from the applicant and/or the petitioner if applicable. Please be sure to include pertinent information such as all names that may have been used and birth dates. You may refer to this web page for further information about Certificates of Identity and Authorizations to Release information: https://foia.state.gov/Request/Visa.aspx#Step-2. Please note: we do not accept Form DS 5505 Authorization for Release of Information Under the Privacy Act. The State Department Certificates of Identity and Third Party Authorization form is the DS-4240 which can be found at https://foia.state.gov/_docs/DS-4240.pdf. We also do not accept Department of Justice or Department of Homeland Security forms.

You may contact our FOIA Requester Service Center or our FOIA Public Liaison for any further assistance and to discuss any aspect of your request via email at Foiastatus@state.gov or telephone at (202)

261-8484.  Please be sure to refer to the case control number shown above in all correspondence about this case.

If you are not satisfied with DOS's determination in response to your FOIA request, you may administratively appeal by writing to:  Appeals Officer, Appeals Review Panel, Office of Information Programs and Services (IPS), U.S. Department of State, State Annex 2 (SA-2), 515 22nd Street, NW, Washington, D.C. 20522-8100, or faxed to (202) 261-8571.  Appeals must be postmarked within 90 calendar days of the date of this initial agency decision letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

Additionally, if you are not satisfied with DOS's determination in response to your request, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration (NARA) to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email address: ogis@nara.gov; telephone: (202) 741-5770; toll free number: 1-877-684-6448; facsimile: (202) 741-5769.

Sincerely,

*Laura Stein*

Laura Stein, Deputy Director
Office of Domestic Operations
Directorate for Visa Services

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORBERT BASENGEZI KATINTIMA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL R. POMPEO, in his official capacity as Secretary of State, U.S. Department of State, and UNITED STATES DEPARTMENT OF STATE,<br><br>  Defendants. | Civil Action No. 19-cv-03413 (TSC) |

### [Proposed] ORDER

Upon consideration of Defendants' Motion for Consolidation and For a Stay Pending Consideration of the Instant motion, the Court hereby GRANTS the motion in part, for good cause shown.  It is hereby

ORDERED that Defendants' deadline by which to answer or otherwise respond to the Complaint in the above-captioned matter is STAYED, pending the Court's adjudication of Defendants' request that the Court consolidate with this matter *Cornielle Yobeluo Nangaa v. Pompeo et al.*, Civ. No. 1:19-cv-3416 (ABJ), and *Marcellin Mukolo Basengezi v. Pompeo, et al.* 1:19-cv-3417 (TJK).


Date: _____          _____
                                    UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORBERT BASENGEZI KATINTIMA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL R. POMPEO, in his official capacity as Secretary of State, U.S. Department of State, and UNITED STATES DEPARTMENT OF STATE,<br><br>Defendants. | Civil Action No. 19-cv-03413 (TSC) |

## [Proposed] ORDER

Upon consideration of Defendants' Motion for Consolidation and For a Stay Pending Consideration of the Instant motion, the Court hereby GRANTS the motion in part for good cause shown. It is hereby

ORDERED that pursuant to Federal Rule of Civil Procedure 42(a), both *Cornielle Yobeluo Nangaa v. Pompeo et al.*, Civ. No. 1:19-cv-3416 (ABJ), and *Marcellin Mukolo Basengezi v. Pompeo, et al.* 1:19-cv-3417 (TJK) are transferred to the undersigned judge and consolidated for purposes of further proceedings; and it further

ORDERED that the parties shall confer and jointly file either an agreed proposal, or competing proposals if agreement is not reached, for a schedule for further proceedings in the consolidated matters on or before _____.

IT IS SO ORDERED.


Date: _____

_____
UNITED STATES DISTRICT JUDGE