# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORBERT BASENGEZI KATINTIMA**<br>    15, Joli Parc<br>    Ngaliema, Kinshasa<br>    Democratic Republic of the Congo<br><br>                    *Plaintiff,*<br><br>            v.<br><br>**MICHAEL R. POMPEO**<br>**in his official capacity as**<br>    **Secretary of State**<br>    **U.S. Department of the State**<br>    2201 C Street, NW<br>    Washington, D.C. 20520<br><br>                    *Defendant,*<br><br>    and<br><br>**THE UNITED STATES**<br>**DEPARTMENT OF STATE**<br>    2201 C Street, NW<br>    Washington, D.C. 20520<br><br>                    *Defendant.* | **COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF**<br><br>CIV. NO. _____<br><br>ECF |

Norbert Basengezi Katintima ("Plaintiff") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of State and its Secretary, Michael R. Pompeo, and in support of this Complaint alleges the following:

**INTRODUCTION**

1.      This case seeks the Court's intervention to enjoin the United States Department of State and its Secretary, Michael R. Pompeo, from subjecting Katintima to travel restrictions and

destroying his reputation without permitting him an opportunity to challenge his public designation as an individual allegedly engaged in "significant corruption" or apprising him as to the reasons for his public designation.

2. Until June 2019, Katintima was an esteemed high-level official of the National Independent Electoral Commission ("CENI"), the independent body charged with organizing and supervising elections in the Democratic Republic of the Congo ("DRC"). Katintima has spent much of his professional life dedicated to fostering democratic elections in the DRC and was a major player in fostering the DRC's first democratic elections, as well as its recent successful democratic transition of power. Katintima's work has been critically important to the democratic aspirations of the DRC's people.

3. Most recently, Katintima—in his former role as CENI's Vice-President—helped organize national elections for the President of the DRC. These elections—the results of which Defendants welcomed and acknowledged as "historic"— successfully led to the first democratic transition of power in the DRC in decades. This momentous event in the DRC's history would not have occurred without Katintima's significant efforts.

4. In a bitterly ironic turn of events, however, Defendants exhibited their appreciation for Katintima's work by publicly designating him as a corrupt individual. Specifically, on February 22, 2019, the Secretary of State publicly designated Katintima for his alleged "involvement in significant corruption relating to the electoral process." Press Release, U.S. Dep't of State, Office of the Spokesperson, Public Designation of, and Visa Restrictions Placed on, Multiple Officials of the Democratic Republic of the Congo Due to Involvement in Significant Corruption, Human Rights Violations or Abuses, or Undermining of Democracy (Feb. 22, 2019).

2

Case 1:19-cv-03417-TSC Document 4-2 Filed 12/27/19 Page 4 of 19

5. As a result of his public designation, Katintima is subject to visa restrictions, including a total ban on his and his immediate family members' entry into the United States. *Id*. Because Katintima has immediate family relatives with U.S. citizenship formerly resident in the United States, the effect of these travel restrictions will be to cause family separation by preventing Katintima from visiting his children and grandchildren resident in this country. Those determined to be Katintima's immediate family members will also be prevented from visiting relatives residing in the United States. The visa ineligibility restriction will also have unclear consequences for Katintima's grandchildren who have resided in and are citizens of the United States.

6. Katintima's reputation has also been devastated by Defendants' public allegations of his purported engagement in significant corruption. For more than two decades, Katintima has been engaged in public service in the DRC, helping to create the very conditions for democratic elections and a democratic transition in power. By publicly designating him for allegedly seeking to thwart those very electoral processes, Defendants have undermined the very thing upon which Katintima's reputation rests.

7. Defendants have undertaken this action without any factual basis and without providing any notice to Katintima as to the reasons for the Secretary's action or any opportunity to challenge his public designation. This lawless approach has wreaked devastation on Katintima's personal life, and continues unabated as Katintima has no opportunity to challenge Defendants' action through any administrative process.

8. For this reason, Katintima turns to this Court for reprieve. Defendants have acted lawlessly and cannot be permitted to designate Katintima in this manner without providing him clear avenues for relief.

## JURISDICTION AND VENUE

9. This action arises under the United States Constitution, the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, as well as pursuant to 28 U.S.C. § 1361.

10. This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. 65. This Court may grant mandamus relief pursuant to 28 U.S.C. § 1361.

11. Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

12. Norbert Basengezi Katintima is and was at all times relevant to this complaint a citizen of the Democratic Republic of the Congo. Katintima currently resides at 15 Joli Parc, Ngaliema, Kinshasa, DRC.

13. Katintima was formerly the Vice President of CENI—DRC's independent electoral commission charged with ensuring free and fair elections—a position he held from November 2015 to June 2019. Prior to this role, Katintima was an elected member of the DRC parliament and was the Second Vice President of the Independent Electoral Commission—CENI's predecessor—where he helped register more than 25 million voters to take part in the first-ever democratic elections in the DRC. Katintima has spent much of his life focused on ensuring free and fair democratic elections in the DRC.

4

14. Katintima is publicly designated under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019.

15. The United States Department of State is a federal executive department and is located at 2201 C Street, NW, Washington, D.C. 20520. The U.S. State Department is responsible for executing the United States' foreign policy and advising the President, including, for instance, by administering certain U.S. sanctions programs.

16. Defendant Michael R. Pompeo is the Secretary of State. Secretary Pompeo is sued in his official capacity. Secretary Pompeo is responsible for leading the U.S. State Department, including by publicly designating persons under § 7031 of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019.

## FACTUAL ALLEGATIONS

A.  **Secretary Pompeo's February 22, 2019 Designation of Katintima**

17. On February 22, 2019, Secretary Pompeo publicly designated Katintima under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019 on allegations that Katintima was involved in significant corruption relating to the electoral process in the DRC. Press Release, U.S. State Dep't, Public Designation of, and Visa Restrictions Placed on, Multiple Officials of the Democratic Republic of the Congo Due to Involvement in Significant Corruption, Human Rights Violations or Abuses, or Undermining of Democracy (Feb. 22, 2019). As a result of this designation, Katintima and his immediate family members are ineligible for entry into the United States.

18. Defendants issued a press release announcing Katintima's designation. *Id*. This press release stated in a conclusory fashion that Katintima was designated for his alleged "involvement in significant corruption relating to the electoral process." *Id*. The press release also

5

acknowledged that the DRC had undergone a "historic transfer of power" through recent national elections, but there remains "legitimate concerns over the conduct and transparency of the electoral process." *Id*.

19. The press release did not provide any information as to Katintima's role in the electoral process nor did it detail the reasons for the Secretary's determination that Katintima had been involved in significant corruption relating to that electoral process.

20. The legal consequence of Katintima's designation is that he and his immediate family members are barred from entering the United States. The immediate practical consequence of his designation is that Katintima has been publicly declared an individual engaged in significant corruption by the Secretary of State of the United States and has suffered significant reputational damage from this public declaration.

    **B.**    **Katintima's Freedom of Information Act Request**

21. Due to his lack of understanding as to the reasons for his public designation, and because Defendants had not published any rules of procedure by which Katintima could request the administrative record or any other form of notice as to the reasons for his designation, Katintima filed a Freedom of Information Act ("FOIA") request on June 27, 2019. This request sought information related to the Secretary's public designation of Katintima under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019.

22. The State Department acknowledged receipt of this request on July 2, 2019 and assigned the request a Case ID F-2019-07553.

23. Katintima's FOIA request sought the State Department's expedited consideration. On July 2, 2019, as part of its acknowledgment of his FOIA request, the State Department rejected Katintima's request for expedited consideration. Further, the State Department did not at the time,

6

nor has it since, provided a timeframe within which it expects to issue a response to Katintima's FOIA request.

24. On September 12, 2019, Katintima filed an administrative challenge to the State Department's decision to reject his request for expedited consideration. On September 25, 2019, Katintima's appeal was denied, as Defendants stated that Katintima's "request and appeal do not meet the established criteria" for expedited processing.

### C. Defendants Failed to Publish Notice of Katintima's Public Designation Under § 7031(c) in the Federal Register

25. The APA mandates agencies to "separately state and currently publish in the Federal Register for the guidance of the public . . . substantive rules of general applicability adopted as authorized by law . . . ." 5 U.S.C. § 552(a)(1)(D).

26. Defendants have not published any notice in the Federal Register with respect to Katintima's public designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019.

### D. Defendants Failed to Publish in the Federal Register the Methods, Procedures, and Rules Whereby Katintima May Administratively Contest His Designation

27. Defendants have not published any procedures by which Katintima can challenge his designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019. Further, Defendants have not identified whether any administrative reconsideration process exists for public designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019; or, if so, to which officer or agency any requests for administrative reconsideration should be directed.

28. Similarly, Defendants have not published any procedures by which Katintima can seek the administrative record relating to his designation under § 7031(c) of the Department of

7

State, Foreign Operations, and Related Programs Appropriations Act of 2019. To the extent that a process exists for requests for the administrative record, Defendants have not identified to which officer or agency those requests should be directed.

29. Defendants are required by law to publicly identify "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

30. Defendants are required by law to publicly identify "statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available." 5 U.S.C. § 552(a)(1)(B).

31. Defendants are required by law to publicly identify "rules of procedure." 5 U.S.C. § 552(a)(1)(C).

32. Defendants have not provided publicly available information as to how Katintima can request administrative reconsideration of his public designation and the administrative record or any unclassified portions.

**E.    Defendants Failed to Publish Notice in the Federal Register of Any Methods, Procedures, and Rules Whereby Katintima May Apply for a Waiver**

33. Defendants have not published any methods, procedures, or rules by which Katintima can seek a waiver from the Secretary's visa ineligibility determination under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019.

34. Defendants are required by law to publicly identify "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

8

35. Defendants are required by law to publicly identify "statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available." 5 U.S.C. § 552(a)(1)(B).

36. Defendants are required by law to publicly identify "rules of procedure." 5 U.S.C. § 552(a)(1)(C).

37. Defendants have failed to abide by the law requiring them to provide publicly available information as to how Katintima can request a waiver from his visa ineligibility determination under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019.

### F. Harm to Katintima

38. Defendants' unlawful action has been personally devastating to Katintima. The reputation he built up over his decades-long period of service to the DRC and his efforts to marshal democratic elections in that country have been destroyed by the false allegations of corruption that the Defendants have leveled at him.

39. Defendants' action has also barred Katintima from visiting his own immediate family members in the United States, particularly his grandchildren who are U.S. citizens. This has resulted in Katintima and his immediate family members being barred entry to the United States to visit his grandchildren in the future. Defendants' actions will thus cause family separation between members of Katintima's family.

## LEGAL CLAIMS

### COUNT I

DEFENDANTS' FAILURE TO PUBLICLY IDENTIFY THE METHODS, PROCEDURES, AND RULES WHEREBY KATINTIMA MAY REQUEST RECONSIDERATION OF HIS PUBLIC DESIGNATION VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

9

40. Katintima re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

41. Pursuant to the APA, courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

42. Pursuant to the APA, courts shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

43. The APA requires agencies to publicly identify "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

44. Agencies are required to publicly identify "statements of the general course and method by which its functions are channeled and determined . . ." 5 U.S.C. § 552(a)(1)(B). This includes, *inter alia*, identifying the nature and requirements of available procedures. *Id*.

45. The APA requires agencies to publicly identify "rules of procedure." 5 U.S.C. § 552(a)(1)(C).

46. Defendants have failed to publicly identify the places at which, the employees from whom, and the methods by which Katintima can challenge his public designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019. Thus, Defendants have unlawfully withheld that information and have not acted in accordance with law or without observance of procedure required by law, in violation of the APA.

47. By failing to identify the procedures available for Katintima to challenge his designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs

10

Appropriations Act of 2019, Defendants have unlawfully withheld those procedures and have not acted in accordance with law or without observance of procedure required by law. This failure is in violation of the APA.

48. By failing to publicly identify the rules of procedure by which Katintima can challenge his public designation pursuant to § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019, Defendants have unlawfully withheld those rules. This failure is not in accordance with law and is without observance of procedure required by law in violation of the APA.

## COUNT II

DEFENDANTS' FAILURE TO PUBLICLY IDENTIFY THE METHODS, PROCEDURES, AND RULES BY WHICH KATINTIMA MAY REQUEST A WAIVER UNDER SECTION 7031(c)(3) VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

49. Katintima re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

50. Courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

51. Courts shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

52. Section 7031(c)(3) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019 states that the Secretary of State may waive the visa ineligibility requirement if doing so would serve a compelling U.S. national interest or if the circumstances that caused the person to be ineligible have sufficiently changed.

53. The requirements of 5 U.S.C. § 552(a)(1)(A)-(D) obligate the State Department or its offices and agencies to publicly identify the methods, procedures, and rules by which designated person may apply for, and obtain, a waiver with respect to their visa ineligibility determination.

54. Defendants' failure to publicly identify the methods, procedures, and rules available for Katintima to apply for and obtain a waiver with respect to the Secretary's visa ineligibility determination under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019 violates the APA.

## COUNT III

### DEFENDANTS' FAILURE TO PUBLISH IN THE FEDERAL REGISTER A NOTICE OF KATINTIMA'S DESIGNATION UNDER SECTION 7031(c) VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

55. Katintima re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

56. Courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

57. Courts shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

58. Agencies are required to "separately state and currently publish in the Federal Register for the guidance of the public . . . substantive rules of general applicability adopted as authorized by law . . ." 5 U.S.C. § 552(a)(1)(D).

59. The APA defines a "rule" as an agency statement or any part thereof that applies either generally or particularly and whose future effect is intended to "implement, interpret, or prescribe law or policy . . ." 5 U.S.C. § 551(4).

60. Defendants' public designation of Katintima under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019 constitutes a substantive rule of general applicability insofar as the designation implements and prescribes law of general applicability by deeming individuals ineligible for entry into the United States.

61. Defendants' failure to file notice in the Federal Register with respect to Katintima's designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019 violates the APA.

## COUNT IV

DEFENDANTS' DESIGNATION OF KATINTIMA UNDER § 7031(c) OF THE DEPARTMENT OF STATE, FOREIGN OPERATIONS, AND RELATED PROGRAMS APPROPRIATIONS ACT OF 2019 CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

62. Katintima re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

63. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

64. Defendants' designation of Katintima under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019 is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, as Katintima does not meet the legal criteria for public designation.

## COUNT V

DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR KATINTIMA'S DESIGNATION UNDER § 7031(c) OF THE DEPARTMENT OF STATE, FOREIGN OPERATIONS, AND RELATED PROGRAMS APPROPRIATIONS ACT OF 2019 VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

65. Katintima re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

66. Under the Fifth Amendment to the U.S. Constitution, Katintima has a right to adequate post-deprivation notice. Sufficient notice requires Defendants to provide Katintima with the reasons for his designation so as to permit him a meaningful opportunity to respond.

67. Under the Fifth Amendment to the U.S. Constitution, Katintima has a right to a hearing. Any constitutionally adequate hearing must provide Katintima with the opportunity to be heard in a meaningful manner.

68. By failing to provide Katintima with notice apprising him as to the reasons for his public designation, Defendants have denied Katintima a meaningful opportunity to challenge his designation. Defendants have thus failed to provide Katintima with sufficient notice as to the basis for his designation in violation of Katintima's due process rights under the Fifth Amendment to the U.S. Constitution.

69. By failing to publish any rules of procedures by which Katintima can request the reconsideration of his public designation or otherwise challenge his designation before the agency, Defendants have denied Katintima a hearing in violation of Katintima's due process rights under the Fifth Amendment to the U.S. Constitution.

## COUNT VI

DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR KATINTIMA'S DESIGNATION UNDER § 7031(c) OF THE DEPARTMENT OF STATE, FOREIGN OPERATIONS, AND RELATED PROGRAMS APPROPRIATIONS ACT OF 2019 VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

70. Katintima re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

71. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

72. The APA entitles interested parties to appear before an agency with respect to any "issue, request, or controversy in a proceeding . . . or in connection with an agency function." 5 U.S.C. § 555(b). Agencies are required to issue a decision with respect to these requests within a reasonable time. *Id*.

73. Defendants have not identified how Katintima can appear before the agency to request the reconsideration of his designation. By failing to publish rules of procedure by which Katintima can request the reconsideration of his public designation or otherwise challenge his designation before the agency, Defendants have failed to act in accordance with law or with observance of procedure required by law in violation of the APA.

74. The APA permits Katintima to request the reconsideration of his designation by the Secretary of State. By failing to provide any form of notice designed to apprise Katintima of the basis for his designation, Defendants have denied him a meaningful opportunity to challenge his designation. Defendants have thus acted in violation of the APA by acting arbitrarily or capriciously, abusing their discretion, or failing to act in accordance with law or in observance of procedure required by law, as Defendants have withheld notice from Katintima as to the reasons for his designation. Defendants' failure has barred Katintima from making use of the APA's administrative reconsideration procedures.

**COUNT VII**

15

## DEFENDANTS HAVE VIOLATED THE FREEDOM OF INFORMATION ACT BY FAILING TO GRANT EXPEDITED PROCESSING OF KATINTIMA'S FOIA REQUEST AND TO MAKE PROMPTLY AVAILABLE THE REQUESTED RECORD

75. Katintima re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

76. FOIA provides that—upon any request for records reasonably describing the records sought and made in accordance with published rules—each agency, including the U.S. State Department, shall make the records promptly available to the requestor. 5 U.S.C. § 552(a)(3)(A).

77. FOIA provides that agencies must promulgate procedures by which requestors may seek expedited processing of their records request. These procedures must provide for expedited processing of record requests in cases of compelling need, as demonstrated by the requestor. 5 U.S.C. § 555(a)(6)(E).

78. The State Department's FOIA regulations mandate expedited processing of a records request upon demonstration that a compelling need for the requested information exists. The regulations state that a compelling need can be shown by demonstrating that failure to release the requested records would impair substantial due process rights or harm substantial humanitarian interests. 22 C.F.R. § 171.11(f).

79. By denying Katintima's request for expedited processing and failing to promptly release the requested records, Defendants have violated the FOIA and their own implementing regulations.

**RELIEF REQUESTED**

Wherefore, Katintima respectfully requests that this Court:

16

A. Issue an order requiring Defendants to publish in the Federal Register notice as to the methods, procedures, and rules whereby Katintima may request administrative reconsideration of his public designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

B. Issue an order requiring Defendants to publish in the Federal Register notice as to the methods, procedures, and rules whereby Katintima may request waiver from the Secretary's visa ineligibility determination under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

C. Issue an order requiring Defendants to publish notice in the Federal Register of Katintima's public designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

D. Issue an order vacating Katintima's designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

E. Issue an order requiring Defendants to rescind Katintima's designation under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019;

F. Issue an order requiring Defendants to disclose the administrative record, the unclassified portions of such record, and/or any other form of notice reasonably designed to apprise Katintima as to the reasons for his public designation;

G. Issue an order requiring Defendants to expedite the processing of Katintima's FOIA request and promptly disclose all responsive records;

H.     Grant an award to Katintima of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

I.     Any other and further relief as the Court may deem proper.

Dated: November 12, 2019

Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
FERRARI & ASSOCIATES, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253


Attorney for Plaintiff
*Norbert Basengezi Katintima*