UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARCELLIN MUKOLO BASENGEZI ) ) ) ) *Plaintiff,* ) ) ) v. ) ) MICHAEL R. POMPEO, in his official capacity as ) Secretary of State, U.S. Department of State and ) THE UNITED STATES DEPARTMENT OF ) STATE ) ) ) *Defendants.* ) ) | Civil Action No. 19-cv-03417 (TJK) |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING CONSOLIDATION

Plaintiff Marcellin Mukolo Basengezi ("Basengezi") files this opposition to Defendants' the United States Department of State and Michael R. Pompeo, in his official capacity as Secretary of State, motion to stay pending consolidation. *See* Motion to Stay Pending Consolidation ("Def.'s Mot. to Stay"), ECF No. 4. Defendants seek to transfer this action and two other cases pending before the United States District Court for the District of Columbia for consolidated briefing and a joint hearing and to stay these proceedings until a decision is rendered as to their motion to transfer cases for consolidation.[1] For the reasons discussed below, Basengezi contends that a stay

---

[1] Defendants filed a motion to transfer cases for consolidation in one of the other cases: *Norbert Basengezi Katintima v. Gacki et al.*, Civ. No. 1:19-cv-3413 (TSC). Defendants have not filed a motion to consolidate in this action, citing Local Rule 45(d), which provides that "[m]otions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned." Local Rule 45(d), however, is relevant solely in "Related Cases," as evident by the title of the subheading under which Local Rule 45(d) can be found. The Local Rules define "related cases" as those "involv[ing] common issues of fact" or those "grow[ing] out of the same event or transaction." LCvR 45(a)(3). Basengezi is unclear as to what Defendants' bases are for alleging that Basengezi's case "involve[s] common issues of fact" or "grows out of the same event or transaction" as those for

in the proceedings is prejudicial to his interests to seek immediate relief from Defendants' continued unlawful action designating him under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2019. Accordingly, Defendants' motion should be denied.

1. Courts have "inherent power to stay proceedings in control of its docket, after balancing the competing interests." *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971). When determining whether a stay in the proceedings is appropriate, the court "must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entm't, Inc. v. A.S.P.C.A.*, 523 F. Supp. 2d 1, 2 (D.D.C. 2007) (quoting *Gordon v. Fed. Deposit Ins. Corp.*, 427 F.2d 578, 580 (D.C. Cir. 1980). Parties requesting a stay have the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

2. Defendants contend that a stay "will provide the parties and the Court the opportunity if consolidation is granted to establish an efficient schedule whereby the claims across the three different actions can be adjudicated in a single proceeding." Def.'s Mot. to Stay at 2. Defendants argue that failure to stay proceedings would cause hardship to them by requiring them to file "duplicative pleadings" in the three cases at issue. Defendants' purported hardship does not compare to those hardships faced by Basengezi from any further delay in this matter. As Basengezi noted in his Complaint, Defendants have rendered him "and his immediate family members [] ineligible for entry into the United States." Compl., ¶ 5. Because Basengezi has children with U.S. citizenship, this sanction has "significant" consequences for him and his family members, as well

---

which Defendants seek consolidation. If Defendants seek to consolidate Basengezi's matter with other actions, then Basengezi should be granted a right to respond to Defendants' motion.

as unclear legal implications for his children. *Id*. Further, Defendants' action has "tarnished . . . Basengezi's reputation," as Defendants have leveled false public allegations that Basengezi is engaged in "significant corruption." Compl., ¶ 6. A stay in these proceedings will only prolong these harms by delaying a resolution to this matter and this Court's granting of his requested relief. In assessing the balance of inequities caused by the granting or denial of the instant motion to stay proceedings, this Court must consider the continued personal, professional, and financial harm caused to Basengezi by Defendants' actions against Defendants' desire to avoid duplicative pleadings. The harms alleged are incomparable.

3.      Defendants also claim that the other actions at issue "present materially similar legal questions to those presented [in this case]." Def.'s Mot. to Stay at 1. As evident in Norbert Basengezi Katintima's opposition memorandum to Defendants' Motion to Transfer Cases for Consolidation and for a Stay Pending Consideration of the Instant Motion, however, Defendants are simply wrong. *See* Pl.'s Mem. in Opp. to Def.'s Mot. to Transfer Cases for Consolidation and for a Stay Pending Consideration of the Instant Motion, *Katintima v. Pompeo, et al.*, No. 19-cv-03413 (TSC) (D.D.C. Jan. 10, 2020) (ECF No. 5). Depending on the contents of the administrative records underlying each of Defendants' actions at issue in the cases, the legal claims set forth in the complaints will give rise to fact-specific legal questions relevant only to the case at hand. For instance, Basengezi's legal claim that Defendants acted arbitrarily and capriciously in designating him under § 7031(c) will give rise to legal questions specific to the factual allegations made by the State Department in support of its action, as evident in the administrative record. This includes the distinct agency findings and conclusions in support of that action. These findings and conclusions, as far as Basengezi is aware, are unlikely to be shared between the three Plaintiffs in the three

actions at issue, making Defendants' characterization of the legal questions at issue in the three cases erroneous.

4. Moreover, a stay in the proceedings will only delay Defendants' provision of the unclassified administrative record to the Court. Pursuant to LCvR 7(n), Defendants are required to "file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." Following this action, counsel for both parties are obliged to "provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion." LCvR 7(n). Because this litigation—including Basengezi's challenge to his designation under the APA and to Defendants' insufficient notice under the APA and the Fifth Amendment to the U.S. Constitution—is dependent on the administrative record, any stay in the proceedings will further delay Basengezi's access to the record underlying his designation. If, upon issuance of the administrative record, Basengezi decides to amend his complaint in light of the disclosed record and the findings and conclusions contained therein, any delay caused by a stay could be much more significant than intended.

For these reasons, Basengezi respectfully requests that this Court deny Defendants' motion to stay proceedings pending consolidation.

Dated: January 10, 2020                                                    Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
FERRARI & ASSOCIATES, P.C.
1455 Pennsylvania Avenue, NW
Suite 400

                   Washington, D.C. 20004
                   Telephone: (202) 280-6370
                   Fax: (877) 448-4885
                   Email: ferrari@falawpc.com
                   D.C. Bar No. 978253

                   ATTORNEY FOR PLAINTIFF
                   *Marcellin Mukolo Basengezi*